## Sterrett School Sub-District *v.* City of Pittsburg, Appellant.

*Road law—Change of grade—Damages.*

On an appeal from a report of jurors assessing benefits and awarding damages for change of grade of a street, where the property owner denies that his property was benefited and avers that the damages were inadequate, the evidence must be confined to the condition of the particular property in controversy, and cannot be extended so as to show the size, character and condition of other properties abutting upon the line of the improvement.

The Supreme Court will not reverse a judgment on a verdict in a road case for damages for change of grade, on the ground that the verdict was excessive.

Argued Oct. 27, 1897. Appeal, No. 103, Oct. T., 1897, by defendant, from judgment of C. P. No. 3, Allegheny Co., May T., 1895, No. 123, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Appeal from road jury.

At the trial it appeared that the plaintiff claimed damages for injuries to a school lot caused by a change of grade of Homewood avenue.

F. C. McGirr, T. D. Keller, H. C. Phones and Frank Laughlin, witnesses for plaintiff, were each asked this question, on rebuttal, by plaintiff's counsel: " State whether in your opinion the erection of a stone wall along Homewood avenue, with steps leading up to the property and a fence on the wall, would render this school property available for school purposes ?"

Defendant objected to the testimony as incompetent, and as part of plaintiff's case in chief. Objection overruled. Exceptions and bills sealed.

Each witness answered that he thought it would not. [3, 4, 5, 6.]

Mr. Carnahan, of counsel for defendant: I offer in evidence the benefit assessment. Objected to as incompetent and irrelevant. Objection sustained. Exception and bill sealed. [7]

Mr. Carnahan: I offer in evidence the order of the court,

confirming the report of the board of viewers fixing the benefit assessment. Objected to as incompetent, irrelevant and immaterial. Objection sustained. Exception and bill sealed. [8]

Counsel for defendant offered to show by testimony the cost of the improvement, the value of it, the number of feet frontage on the street, with the depth of the properties, in order to get at the relative advantages of the pavement to the various properties.

Objected to as incompetent, irrelevant and immaterial. Objection sustained. Exception and bill sealed. [9]

Verdict and judgment for plaintiff for $9,000. Defendant appealed.

*Errors assigned* were (1) the verdict was excessive; (2) the verdict was not warranted by the evidence; (3–9) rulings on evidence, quoting bill of exceptions.

*T. D. Carnahan*, with him *Clarence Burleigh*, for appellant, cited: Tourison's App., 171 Pa. 38.

*Thomas C. Lazear* and *Charles P. Orr*, for appellee, were not heard, but cited in their printed brief: Holthouse v. Rynd, 155 Pa. 43; Farmers Ins. Co. v. Bair, 87 Pa. 124; Asay v. Hay, 89 Pa. 77; Shaeffer v. Kreitzer, 6 Binn. 430; Donaldson v. P. R. R. Co., 15 W. N. C. 312; Tourison's App., 171 Pa. 38.

PER CURIAM, November 8, 1897:

This case in the court below depended on questions of fact which were properly submitted to and determined by the jury in favor of the plaintiff. The appeal from the judgment entered on the verdict practically resolved itself into a renewal of the motion for a new trial on the ground of an excessive verdict, etc. Those questions were disposed of by the court below and, so far as appears, there is no good reason why they should be reconsidered here. We find no error in the record and the judgment is therefore affirmed.